FILED
JUN 2 6 2017
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

David M. David,            )
                           )
    Plaintiff,             )
                           )
        v.                 )   Civil Action No. 17-459 (UNA)
                           )
The United States *et al.*,)
                           )
    Defendants.            )
                           )

MEMORANDUM OPINION

This matter is before the court on initial review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The court will grant plaintiff's application and dismiss the case for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

Plaintiff is a California state prisoner serving a life sentence and a self-described inventor. *See* Compl. at 3-4. Claiming that the National Security Agency and the Department of Homeland Security have obtained two of his patent applications and used them for ten years without compensation, plaintiff seeks $25 billion from the United States.

For claims exceeding $10,000, "[t]he Tucker Act vests exclusive jurisdiction in the United States Court of Federal Claims over claims against the United States for 'liquidated or unliquidated damages in cases not sounding in tort.'" *Smalls v. United States*, 471 F.3d 186, 189 (D.C. Cir. 2006) (quoting 28 U.S.C. § 1491)); *see Kidwell v. Dep't of Army, Bd. for Correction of Military Records*, 56 F.3d 279, 284 (D.C. Cir. 1995) ("[A] claim is subject to the Tucker Act and its jurisdictional consequences if, in whole or in part, it explicitly or 'in essence'

1

seeks more than $10,000 in monetary relief from the federal government.") (citations omitted)). In addition, the Court of Federal Claims has exclusive jurisdiction over claims arising from the United States' use or manufacture of an invention "covered by a [U.S.] patent . . . without license of the owner[.]" 28 U.S.C. § 1498(a). Therefore, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

/s/ Tanya Chutkan
United States District Judge

Date: June 21, 2017